**Salem**

POSEY KING

v.

COMMONWEALTH OF VIRGINIA

No. 0979-85

Decided August 19, 1986

COUNSEL

Robert W. Spessard, Jr., for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

OPINION

DUFF, J.— On June 26, 1985, Posey King was convicted in a jury trial of feloniously manufacturing marijuana in violation of Code § 18.2-248.1(c). The sole issue presented in his appeal is whether the court's instruction to the jury defining the term "manufacturing" was incomplete. We find no error and affirm the conviction.

Three deputy sheriffs, on a stakeout investigating the manufacture of marijuana, observed King with a hoe in a field of over 600 marijuana plants. King was digging with the hoe between two beds of the plants. The land, located in a remote section of Floyd County, was not owned by King. At the time King was arrested, he was not in possession of marijuana plants, marijuana seeds, or paraphernalia related to marijuana. After being arrested and advised of his constitutional rights, King stated: "I don't want to tell anyone who was with me on the marijuana. I promised I wouldn't. Someone did give me the seeds."

At the conclusion of the evidence, the court instructed the jury that " 'manufacture' of marijuana means the production, preparation, propagation, compounding, conversion or processing of marijuana." In proffering this instruction, the Commonwealth relied on the definition of "manufacture" contained in Code § 54-524.2(14a) of the Drug Control Act.

King argues that the term "manufacture," as used in the statutory offense of "manufactur[ing] marijuana," means something

vastly different from its traditional definition. He contends that because the statutory offense of manufacturing marijuana is contrary to everyday understanding, the instruction should have included the entire definition of "manufacture" as set forth in Code § 54-524.2(14a),[1] and that the partial definition of the term "manufacture" given to the jury was confusing and was an incomplete statement of the law.

■ Although King was convicted of a violation of Code § 18.2-248.1(a), and the term "manufacture" is not defined in that title, the court did not err in giving the jury the definition of "manufacture" contained in Code § 54-524.2(14a) of the Drug Control Act. The offense of manufacturing marijuana, Code § 18.2-248.1(c), was once a part of the Drug Control Act, Code § 54-524.1 et seq.[2] In 1975, marijuana related offenses were recodified in Title 18.2; however, the Drug Control Act's definition of manufacture continues to be relevant to marijuana related offenses. The validity of using other Code sections as interpretive guides is well established. The Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed. *First National Bank of Richmond* v. *Holland*, 99 Va. 495, 504, 39 S.E. 126, 129-30 (1901).

■ With respect to Code § 18.2-248.1 violations, the words manufacture and production are used synonymously. Manufacture, as defined by Code § 54-524.2(14a), "means the *production*, preparation, propagation, compounding, conversion or processing of any item." (emphasis added). Code § 54-524.2(29) states that "'production' includes the manufacture, planting, cultivation,

---

[1] "Manufacture" means the production, preparation, propagation, compounding, conversion or processing of any item regulated by this chapter, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparing, compounding, packaging or labeling of a controlled substance:

(1) By a practitioner as an incident to his administering or dispensing of a controlled substance or marijuana in the course of his professional practice, or

(2) By a practitioner, or by his authorized agent under his supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale.

[2] The predecessor to Code § 18.2-248.1 was Code § 18.2-248, which defined marijuana as a "controlled substance." *See Stillwell* v. *Commonwealth*, 219 Va. 214, 247 S.E.2d 360 (1978). The predecessor to Code § 18.2-248 was Code § 54-524.101:1, a part of the Drug Control Act.

growing or harvesting of a controlled substance or marijuana." By these definitions, the legislature has clearly expressed its intent that the term manufacturing includes the planting, cultivating, growing, or harvesting of marijuana. Although the definition of manufacture as used in the context of the manufacture of marijuana may not precisely comport with the present day lay meaning of the term, that does not give us license to find error in the court's instruction. The court's function is to interpret the legislature's meaning of words in statutes. *Tiller* v. *Commonwealth*, 193 Va. 418, 420, 69 S.E.2d 441, 442 (1952).

Our sister jurisdictions of North Carolina and West Virginia statutorily define manufacture in terms identical to the Virginia definition. In both states, manufacturing marijuana convictions have been affirmed where the definition was applied to facts substantially similar to those in the present case. *See State* v. *Childers*, 41 N.C.App. 729, 255 S.E.2d 654 (1979); *State* v. *Underwood*, 281 S.E.2d 491 (W.Va. 1981); *State* v. *Cabalceta*, 324 S.E.2d 383 (W.Va. 1984).

King further contends that the instruction to the jury should have included the entire definition of manufacture as set forth in Code § 54-524.2(14a). Although an instruction may correctly state the law, it should not be given if it is inapplicable to the facts in evidence. *Hatcher* v. *Commonwealth*, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978). Instructions must be tailored to the evidence and should exclude language that might confuse or distract the jury. The language in Code § 54-524.2(14a) that was omitted from the definition of manufacture given to the jury did not apply to the facts and circumstances of this case. The court used the part of the definition warranted by the evidence. The court did not err in refusing the appellant's request for the additional language.

Accordingly, the conviction is

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.