**Alexandria**

TERESA SCOTT, s/k/a

TERESA ANN SCOTT

v.

COMMONWEALTH OF VIRGINIA

No. 0243-91-4

Decided April 7, 1992

COUNSEL

George S. Webb, for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—In this appeal we are called upon to interpret the meaning of the phrase, "give testimony," as used in Code § 18.2-435.[1] The appellant asserts that the meaning of "testimony" within the intendment of the statute is restricted to sworn testimony subject to cross-examination in open court. The Commonwealth argues that such a restricted construction is not justified by precedent or logic and does not reflect the legislative intent in enacting Code § 18.2-435. We agree with the Commonwealth's position and affirm.

---

[1] Code § 18.2-435 provides:

It shall likewise constitute perjury for any person, with the intent to testify falsely, to knowingly give testimony under oath as to any material matter or thing and subsequently to give conflicting testimony under oath as to the same matter or thing. In any indictment for such perjury, it shall be sufficient to allege the offense by stating that the person charged therewith did, knowingly and with the intent to testify falsely, on one occasion give testimony upon a certain matter and, on a subsequent occasion, give different testimony upon the same matter. Upon the trial on such indictment, it shall be sufficient to prove that the defendant, knowingly and with the intent to testify falsely, gave such differing testimony and that the differing testimony was given on two separate occasions.

On December 17, 1989, Teresa Ann Scott and her minor daughter, Dianna, were at Pratt's grocery store, owned by Mrs. Joyce Payne. The daughter purchased beer on this occasion and made payment by a check that was returned unpaid. Subsequently, Mrs. Payne sought a criminal warrant against Scott's daughter for the unpaid check. On March 27, 1990, the daughter was tried and convicted in the general district court of the bad check charge. That same day Scott appeared before a magistrate in Madison County and swore out a criminal complaint against Mrs. Payne, accusing her of having sold beer to Scott's underage daughter in the transaction upon which the bad check charge was based. The criminal complaint to which she swore stated that Scott "stopped at Pratt's grocery" with her daughter, Dianna. She described the purchase of four six-packs of beer by Dianna and stated that Mrs. Payne never asked for her daughter's identification. The charge was later dismissed when the appellant failed to appear at the trial.

Dianna Scott appealed her bad check conviction to the circuit court. On June 22, 1990, Scott appeared at trial as a witness in her daughter's defense. After being duly sworn, she testified that her daughter had not been in Pratt's grocery store at any time and had not cashed the check in question. Dianna was nevertheless convicted. Subsequently, appellant was charged with having committed perjury pursuant to Code § 18.2-435, by giving conflicting testimony on March 27, 1990 and June 22, 1990.

■ The principles of statutory construction are clear. First, a court must give effect to the legislative intent. Second, the plain, obvious meaning of a statute is to be preferred over a narrow or strained construction. Finally, a penal statute must be strictly construed against the Commonwealth and applied only in those cases falling clearly within the language of the statute. *See Graybeal v. Commonwealth*, 228 Va. 736, 739, 324 S.E.2d 698, 699-700 (1985); *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

■ In *Williams v. Commonwealth*, 8 Va. App. 336, 381 S.E.2d 361 (1989), we held that Code § 18.2-435 defined a separate and distinct perjury offense from that proscribed by Code § 18.2-434, in that the elements of proof under the two statutes are significantly different. *Id.* at 341, 381 S.E.2d at 364. Under Code §

18.2-434,[2] the Commonwealth must prove that a statement of the defendant was false. Under Code § 18.2-435, however, the Commonwealth need only prove that sworn testimony was given on two separate occasions, that the testimony on one occasion contradicted the testimony on the other, and that the acts were done with the intent to testify falsely. We observe that while the two statutes contain different elements of proof, they are concerned with the same issue — perjury.[3] Perjury is defined as:

> [T]he willful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his evidence, either upon oath or in any form allowed by law to be substituted for an oath, whether such evidence is given in open court, *or in an affidavit, or otherwise,* such assertion being material to the issue or point of inquiry and known to such witness to be false.

*Black's Law Dictionary* 1025 (5th ed. 1979) (emphasis added).

■ We agree with the Commonwealth's argument that the legislature's purpose in enacting Code § 18.2-435 was to eliminate the requirement of *Schwartz v. Commonwealth*, 68 Va. (27 Gratt.) 1025, 1028-1029 (1876) and its progeny. *Schwartz* held that when a defendant deliberately gives contradictory sworn testimony on separate occasions, the Commonwealth must prove which statement was false in order to obtain a conviction for perjury.

Neither Code § 18.2-434 nor Code § 18.2-435 expressly restricts "testimony" to testimony given in judicial proceedings. In fact, Code § 18.2-434 provides that it is perjury to swear falsely when an oath is lawfully administered "on any occasion." Reading Code § 18.2-435 in conjunction with Code § 18.2-434, we believe

---

[2] Code § 18.2-434 provides:

WHAT DEEMED PERJURY; PUNISHMENT AND PENALTY. -

If any person to whom an oath is lawfully administered on any occasion willfully swear falsely on such occasion touching any material matter or thing, or if a person falsely make oath that any other person is eighteen years of age in order to obtain a marriage license for such other person, he shall be guilty of perjury, punishable as a Class 5 felony. Upon the conviction of any person for perjury, such person thereby shall be adjudged forever incapable of holding any office of honor, profit or trust under the Constitution of Virginia, or of serving as a juror.

[3] The penalties provided for perjury under both Code sections are identical.

that the legislative intent was the same and the "on any occasion" concept is implicit in Code § 18.2-435.

Related sections of the Code using the same phraseology may be consulted in determining the meaning of a statute. The Code of Virginia is one body of law. *King v. Commonwealth*, 2 Va. App. 708, 710, 347 S.E.2d 530, 531 (1986). The words, "testimony" and "testify" are used throughout the Code to refer to solemn legal declarations under oath in *ex parte*, as well as adversary, proceedings before a variety of authorities and tribunals. *See, e.g.*, Code § 2.1-169 (testimony in examinations by Auditor of Public Accounts); Code §§ 6.1-294, 296, and 297 (testimony in Consumer Finance Act investigations by State Corporation Commission); Code § 3-70 (testimony in public hearings before Joint Legislative Audit and Review Commission); Code § 32.1-320 (testimony in medical services investigations by the Attorney General); Code § 32.1-324.1 (testimony in investigations by Director of Department of Medical Assistance Services); Code § 38.2-1320 (testimony in insurance investigations by State Corporation Commission); Code §§ 40.1-6 and 10 (testimony in investigations by Commissioner of Labor and Industry); Code § 40.1-131 (testimony in public hearings by Commissioner of Labor and Industry); Code § 9-6.14:8 (testimony and evidence in public hearings for adoption of regulations by state agencies in accordance with Administrative Process Act).

In addition, the Code provisions relating to grand jury proceedings, be they regular, special, or multi-jurisdictional, repeatedly refer to "testimony" given in such proceedings, although such communications are not made in open court and not subject to cross-examination. *See* Code §§ 19.2-192, -201, -202, -208, -209, -212, -215.5, -215.6, -215.7, -215.9.

■ We hold that when enacting Code § 18.2-435, the legislature did not intend to restrict the meaning of the term "testimony," as urged by appellant. The use of the words, "testimony" and "testify" in the various sections of the Code enumerated above, lead us to conclude that the term, "give testimony," as used in Code § 18.2-435 encompasses any material declaration made under oath, whether *ex parte* or in an adversary proceeding subject to cross-examination.

Accordingly, because the record shows that the appellant swore to a criminal complaint before a magistrate that her daughter had purchased beer in Pratt's grocery store, and later swore in open court that her daughter had never been in Pratt's grocery store, and because both statements constituted "testimony" within the intendment of Code § 18.2-435, she was properly convicted of perjury.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.