COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


David Franklin Curtis

v.     Record No. 1445-94-2              MEMORANDUM OPINION[*] BY
                                         JUDGE ROSEMARIE ANNUNZIATA
Town of Colonial Beach                        OCTOBER 24, 1995

            FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
                    Joseph E. Spruill, Jr., Judge

            Carroll E. Smith for appellant.

            No brief or argument for appellee.


      The appellant, David Franklin Curtis, appeals his conviction
of a Class 1 misdemeanor based on a town ordinance charging
obstruction of justice.  He contends that the evidence is
insufficient.  We agree and reverse the conviction.

      On March 14, 1994, Officer John Wright of the Town of
Colonial Beach Police Department stopped appellant for driving
the wrong way on a one-way street, and subsequently arrested him
for driving under the influence of alcohol (DUI).  A nurse
administered a blood test and the blood was placed in two
separate vials.  As was explained to appellant, the vials were
placed into two separate boxes, one for analysis by the state
forensic laboratory, and one to be sent for independent
laboratory analysis.

      After the magistrate issued the warrant for DUI, the vials

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of blood were placed on a desk at the police department. Wright, preparing for appellant's release from custody, walked away from the desk to retrieve a form. Appellant took the box containing the vial of blood which was to be sent to the state lab, and ran to the bathroom.

Wright heard the toilet flush and forced open the bathroom door. He saw blood on, and in, the toilet. The empty vial was discovered by another officer outside the bathroom window, and was returned to Wright. Wright arrested appellant, pursuant to Town of Colonial Beach Ordinance § 17-3, for obstruction of justice. The warrant alleged a violation of "17-3 (18.2-460)," and charged that appellant "did knowingly obstruct a law-enforcement officer in the performance of his duties."

At trial, at the motion to strike, appellant's counsel argued that it was unfair to appellant not to have a copy of the town ordinance under which he was charged. Counsel argued that he did not know what § 17-3 provided, or whether it tracked "all of the language in [Code §] 18.2-460." He also argued that the evidence did not show proof of threat or force, and thus was insufficient to establish a violation of Code § 18.2-460(B) or (C).

The trial judge took judicial notice of the ordinances of the Town of Colonial Beach. When the judge asked if the ordinances "[i]ncorporate by reference the entire state Code," the prosecutor responded that they did. The judge found

- 2 -

appellant guilty of the Class 1 misdemeanor of obstruction of justice, finding that "[i]t took a bit of force" to destroy the evidence.

Pursuant to Code § 19.2-265.2, a trial court in a criminal case shall take judicial notice of the law of the Commonwealth or of any political subdivision or agency thereof. See Griswold v. Commonwealth, 19 Va. App. 479, 484, 453 S.E.2d 287, 290-91 (1995). The term "political subdivision," as defined by Code § 8.01-385, "as applied to this Commonwealth and other states of the United States, include[s], without limitation counties, cities, towns, boroughs, and any other division thereof recognized and vested with authority to enact or promulgate ordinances, rules, and regulations having the force or effect of law." (Emphasis added). The trial court did not err in taking judicial notice of the ordinance. See also Bouldin v. Commonwealth, 4 Va. App. 166, 169, 355 S.E.2d 352, 354 (1987).

However, the appellant's conviction is not supported by the evidence and is reversed on this ground. Town of Colonial Beach Ordinance § 17-3 is a penal statute; therefore, it "must be strictly construed against the [prosecution] and applied only in those cases falling clearly within the language of the statute." Scott v. Commonwealth, 14 Va. App. 294, 296, 416 S.E.2d 47, 48 (1992). The ordinance provides as follows:

> (a) No person shall, by threats or force, attempt to intimidate or impede a judge, magistrate, justice, juror, witness or an officer of a court, or any law-enforcement officer, in the discharge of his duty, or to obstruct or impede the administration of justice

in any court.

(b) A violation of this section shall constitute a Class 1 misdemeanor.  (Ord. No. 76A).

§ 17-3.  Appellant made no threat against Officer Wright, nor did he use any force against him.  Rather, all the evidence shows is that appellant knowingly obstructed Wright in the performance of his duties.  There is no comparable offense under the ordinance of the Town of Colonial Beach. Accordingly, appellant's conviction under the Town Ordinance § 17-3 is reversed and the case dismissed.

<u>Reversed and dismissed.</u>