COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Willis and Senior Judge Duff
Argued via teleconference

COMMONWEALTH OF VIRGINIA

v.    Record No. 2877-95-4               MEMORANDUM OPINION BY[*]
                                       CHIEF JUDGE NORMAN K. MOON
BERNARD PAYNE                                  JUNE 7, 1996

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jack B. Stevens, Judge

             Michael T. Judge, Assistant Attorney General
             (James S. Gilmore, III, Attorney General;
             Linwood T. Wells, Jr., Assistant Attorney
             General, on brief), for appellant.

             Frank W. Romano, Assistant Public Defender,
             for appellee.


     Bernard Payne was charged with violating the felony

provision of Code § 46.2-817.  The trial court held that the term

"serious bodily injury" was unconstitutionally vague and

dismissed the felony charge.  The Commonwealth appeals.

     The parties present two issues:  (1) whether the appeal is

barred because it falls outside of the scope of Code

§ 19.2-398(1), and (2) whether the trial court erred in holding

that the felony language was unconstitutionally vague.  We

reverse the trial court and remand.

_____

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

<u>Appealability</u>

Code § 19.2-398 provides in pertinent part:
> A petition for appeal from a circuit court may be taken by the Commonwealth only in felony cases, before a jury is impaneled and sworn in a jury trial, or before the court begins to hear or receive evidence or the first witness is sworn, whichever occurs first, in a nonjury trial. The appeal may be taken from:
> 1. An order of a circuit court dismissing a warrant, information or indictment, or any count or charge thereof on the ground that a statute upon which it was based is unconstitutional . . . .

In this case, the Commonwealth proceeded upon an indictment which contained two counts. The indictment as a whole was not dismissed and neither count was dismissed. Therefore, the only term in the statute which concerns this appeal is the term "charge."

"'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" <u>Crews v. Commonwealth</u>, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (1987) (citation omitted).

A criminal "charge" is defined as "the specific crime the defendant is accused of committing." <u>Black's Law Dictionary</u> 233 (6th ed. 1990). Here, the specific crime Payne was accused of committing was the felony of speeding to elude, which is distinct from the misdemeanor charge in that it contains the additional element that serious bodily injury to another must result.

Therefore, the trial judge dismissed a "charge" and the Commonwealth may appeal from that dismissal.

Serious Bodily Injury

Code § 46.2-817 reads in pertinent part:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful or wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger other property or person, or who increases his speed and attempts to escape or elude such law-enforcement officer, shall be guilty of a Class 1 misdemeanor.
>
> If serious bodily injury to another results from a violation of the preceding paragraph, the offender shall be guilty of a Class 6 felony.

Payne contends that the term "serious bodily injury" is unconstitutionally vague. Specifically, he argues that the term "provides neither explicit standards nor minimal guidelines," "is not a common and well-recognized legal term that has been judicially narrowed by Virginia law," and "creates a subjective standard against which to measure a defendant's actions." We disagree.

> In assessing the constitutionality of a statute, "the burden is on the challenger to prove the alleged constitutional defect". . . . A criminal statute is unconstitutionally vague only if it fails to define the offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."

Bell v. Commonwealth, 21 Va. App. 693, 699-700, 467 S.E.2d 289, 292 (1996) (citations omitted).

Furthermore, in determining the meaning of a statute, "[t]he validity of using other Code sections as interpretive guides is well established. The Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed." King v. Commonwealth, 2 Va. App. 708, 710, 347 S.E.2d 530, 531 (1986). Code § 18.2-369, which concerns abuse or neglect of incapacitated adults, reads: "For purposes of this subsection, 'serious bodily injury or disease' shall include but not be limited to (i) disfigurement, (ii) a fracture, (iii) a severe burn or laceration, (iv) mutilation, (v) maiming, or (vi) life threatening internal injuries or conditions, whether or not caused by trauma." The term "serious bodily injury" can also be found in other statutes. See Code §§ 10.1-1455 (handling of hazardous wastes), 16.1-228 (family abuse definition), 16.1-269.1 (transfer of juveniles to circuit court), 17-237 (sentencing guidelines), 18.2-67.3 (aggravated sexual battery), 29.1-740 (duty to stop and render assistance); 54.1-2400.1 (duty of mental health service providers to prevent violence), and 54.1-3434.3 (denial, revocation, and suspension of pharmacy registration).

With such widespread use of the term, it is plain that the term does have a common and well-recognized meaning. As such,

ordinary people can understand what conduct is prohibited and the inclusion of the term in the statute does not encourage arbitrary and discriminatory enforcement. Therefore, the term is not unconstitutionally vague.[1]

For the reasons stated, we reverse the decision of the circuit court and remand for trial on the felony charge contained in Code § 46.2-817.

<u>Reversed and remanded.</u>

---

[1]Other courts have likewise found that the term "serious bodily injury" in not unconstitutionally vague. <u>See</u> <u>United States v. Williams</u>, 51 F.3d 1004 (11th Cir. 1995) (carjacking statute not unconstitutionally vague where enhanced punishment "if serious bodily injury results"); <u>United States v. Fitzgerald</u>, 882 F.2d 397, 398 (9th Cir. 1989) ("serious bodily injury" language used in federal assault statute was not unconstitutionally vague); <u>United States v. Chevalier</u>, 776 F. Supp. 853 (D. Vt. 1991) (use of "serious bodily injury" in statute for sentence enhancement not unconstitutionally vague); <u>State v. Stowe</u>, 635 So. 2d 168, 170-71 (La. 1994) (defining "serious bodily injury" and holding that phrase in statute, "extreme physical pain," not unconstitutionally vague); <u>Fleming v. State</u>, 604 So. 2d 280 (Miss. 1992) (holding that aggravated assault statute was not unconstitutionally vague despite absence of definition of "serious bodily injury"); <u>Commonwealth v. Edwards</u>, 559 A.2d 63, 65 (Pa. Super. Ct. 1989) (holding that enhanced punishment where leaving scene "materially contributes to any serious bodily injury" not unconstitutionally vague); <u>Teubner v. Texas</u>, 742 S.W.2d 57 (Tex. Ct. App. 1987) (holding that statutory language prohibiting infliction of "serious bodily injury" was not unconstitutionally vague).