COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


GEORGE HENSON, JR.

                                       MEMORANDUM OPINION[*] BY
v.          Record No. 1741-97-2        JUDGE LARRY G. ELDER
                                         DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                    Jay T. Swett, Judge

          Craig S. Cooley for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     George Henson, Jr. (appellant) appeals from his jury trial

conviction for perjury in violation of Code § 18.2-435.  On

appeal, he contends that the evidence was insufficient to support

his conviction because it did not prove that he gave conflicting

testimony "knowingly and with the intent to testify falsely."

For the reasons that follow, we reject appellant's contentions

and affirm his conviction.

                               I.

                             FACTS

     Claiborne Stokes, Assistant Commonwealth's Attorney,

testified that the trial court previously had ordered appellant

to pay restitution in a case and to write letters to the Virginia

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Employment Commission because he was unemployed and contended his lack of employment prevented him from paying restitution. Appellant failed to comply with the court order, and on December 28, 1995, the trial court conducted a hearing on the matter. Stokes testified that when appellant was asked why he had not written the letters, appellant testified, while under oath, that he could not read. Based on that testimony, the trial court dismissed the charge because the Commonwealth had not proven that appellant was capable of writing the required letters.

Stokes testified that in June of 1996, at a child custody hearing, appellant, while under oath, denied testifying previously that he could not read and said that he had testified he could not spell well. Stokes also stated that, after the hearing Stokes told appellant he believed appellant had just committed perjury. Stokes testified that appellant responded, "Well, it's your job to catch me."

A deputy clerk of the Goochland County Circuit Court testified that she recalled appellant testifying on December 28, 1995 that he could not write, that he could read only "very small words," and that he could sign his name. A deputy sheriff who served as a bailiff at the December 28, 1995 hearing stated that, on that date, appellant testified he could not read or write. The deputy sheriff testified that, at the June 1996 hearing, appellant denied testifying previously that he could not read and write and said he had testified only that his spelling skills

- 2 -

were poor. Several other witnesses confirmed that appellant testified on December 28, 1995 that he could not read or write.

## II.

### ANALYSIS

> Code § 18.2-435 provides, in relevant part, that [i]t shall . . . constitute perjury for any person, with the intent to testify falsely, to knowingly give testimony under oath as to any material matter or thing and subsequently to give conflicting testimony under oath as to the same matter or thing. . . . Upon the trial . . . , it shall be sufficient to prove that the defendant, knowingly and with the intent to testify falsely, gave . . . differing testimony and that the differing testimony was given on two separate occasions.

Id. The Commonwealth need not prove which testimony was false. See Scott v. Commonwealth, 14 Va. App. 294, 296-97, 416 S.E.2d 47, 48-49 (1992).

Appellant's challenge to the sufficiency of the evidence is twofold. He contends the evidence failed to prove (1) that he acted with the requisite intent because he could reasonably have believed he could not read and write well enough to write business letters but could do so well enough to care for a child and (2) that his statements were conflicting because his literacy could have improved between the probation violation proceeding in which he testified that he could not read and write and the custody proceeding six months later in which he testified that he could. We reject both contentions.

When considering the sufficiency of the evidence on appeal

in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  The judgment will not be set aside unless it is plainly wrong or without supporting evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

That the giving of false testimony was intentional or willful, like any element of a crime, may be proved by circumstantial evidence, see Waldrop v. Commonwealth, 23 Va. App. 614, 628, 478 S.E.2d 723, 729 (1996), rev'd on other grounds, 255 Va. 210, 495 S.E.2d 822 (1998); Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v.

<u>Commonwealth</u>, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact. <u>See</u> <u>Cantrell v. Commonwealth</u>, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

Here, the evidence proved that appellant acted with the requisite intent. It did not support a finding that he reasonably believed he could not read and write well enough to write business letters but could do so well enough to care for a child. The evidence, viewed in the light most favorable to the Commonwealth, proved that appellant knowingly and intentionally gave false testimony regarding a material fact--his ability to read and write in the context of obtaining employment. He testified in the probation violation proceeding on December 28, 1995 that he failed to comply with the court's order to write letters <u>seeking employment</u> because he could not read or write. This testimony was material to the willfulness of his failure to comply with the court's previous order and, in fact, resulted in the dismissal of the probation violation proceedings. In the child custody proceeding on June 27, 1996, again during questioning regarding his ability to read and write in the context of <u>obtaining employment</u>, he testified that he had not denied being able to read and write in that prior proceeding and that he could, in fact, read and write. Once again, appellant's testimony was material, for it bore directly on his ability to care for the child of whom he sought custody.

The record contains no evidence indicating that appellant attempted to explain or qualify his June 1996 denial by saying he could not read and write well enough to write business letters but, nevertheless, believed himself capable of reading and writing well enough to care for a child.  Rather, he flatly denied testifying in the December 1995 proceeding that he could not read or write, contending he said only that he could not spell well.  This explanation was at odds with both the Commonwealth's evidence regarding appellant's December 1995 testimony and the trial court's ultimate disposition on the probation violation.  In addition, in a conversation appellant initiated with the Commonwealth's attorney immediately after the June 1996 proceeding, appellant tacitly admitted the conflict in his testimony when he said to the Commonwealth's attorney, "[I]t's your job to catch me [for committing perjury]."

This evidence, viewed as a whole and in the light most favorable to the Commonwealth, was sufficient to support the jury's finding, beyond a reasonable doubt, that appellant knowingly and intentionally testified falsely.

We also reject appellant's contention that an improvement in his literacy explained the apparent conflict in his testimony and constituted a reasonable hypothesis of innocence flowing from the circumstantial evidence.  Code § 18.2-435 provides that, "[u]pon the trial of [a perjury] indictment, it shall be sufficient to prove that the defendant, knowingly and with the intent to

testify falsely, gave . . . differing testimony and that the differing testimony was given on two separate occasions."  Here, the Commonwealth presented a prima facie case of conflicting evidence by proving that appellant gave differing testimony on two separate occasions.  Implicit in the language of the statute is that appellant then bore the burden of producing some evidence to show that the testimony was not, in fact, conflicting.

> "It is undoubtedly the general rule that the
> state must prove all the essential facts
> entering into the description of the offense.
>  But it has been held in many cases that when
> a negation of a fact lies peculiarly within
> the knowledge of the defendant it is
> incumbent on him to establish that fact."

Mayhew v. Commonwealth, 20 Va. App. 484, 490, 458 S.E.2d 305, 308 (1995) (quoting State v. Williamson, 206 N.W.2d 613, 618 (Wis. 1973)); see Overstreet v. Commonwealth, 193 Va. 104, 110-11, 67 S.E.2d 875, 879 (1951) (discussing burden of production under statute stating explicitly what constitutes "prima facie evidence of intent to defraud"); see also 1 Charles E. Friend, The Law of Evidence in Virginia § 9-5, at 317 (4th ed. 1993) (discussing burdens of production and persuasion).  In this case, because appellant presented no such evidence, the Commonwealth's evidence was sufficient to prove appellant's guilt beyond a reasonable doubt.  In addition, the evidence proving the statements

themselves was direct rather than circumstantial, rendering inapplicable the principle that circumstantial evidence must exclude all reasonable hypotheses of innocence.

For these reasons, we affirm appellant's conviction.

<u>Affirmed</u>.