COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Beales and Senior Judge Bumgardner
Argued by teleconference


VICTOR HAIRSTON, JR.
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1878-09-3              JUDGE RUDOLPH BUMGARDNER, III
                                                        AUGUST 3, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                              G. Carter Greer, Judge

        Bill W. Bourland, Assistant Public Defender (S. Jane Chittom,
        Appellate Defender; Sandra Haley, Public Defender, on brief), for
        appellant.

        Craig W. Stallard, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Victor Hairston, Jr. appeals his conviction of perjury, Code § 18.2-435.[1]  He maintains the

evidence was insufficient because it failed to prove he had the intent to testify falsely.

Concluding that the evidence did support the conviction, we affirm.

        When considering the sufficiency of the evidence on appeal in a criminal case, this Court

views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-435 provides, in relevant part, that

            [i]t shall . . . constitute perjury for any person, with the intent to
            testify falsely, to knowingly give testimony under oath as to any
            material matter or thing and subsequently to give conflicting
            testimony under oath as to the same matter or thing. . . . Upon the
            trial . . . , it shall be sufficient to prove that the defendant,
            knowingly and with the intent to testify falsely, gave . . . differing
            testimony and that the differing testimony was given on two
            separate occasions.

inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352,

218 S.E.2d 534, 537 (1975).  It does not substitute its own judgment for that of the trier of fact.

See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  The judgment will

not be set aside unless it is plainly wrong or without supporting evidence.  See Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

A burglar stole a shotgun, rifle, gun case, ammunition belt, camera, and binoculars from

the residence of Stan Foley.  The defendant, who lived two houses away, returned the

ammunition belt and camera to Foley shortly after the theft.  He told Foley he had found the

ammo belt and camera in his backyard.

Investigator Don Shumate spoke with the defendant shortly after interviewing the victim.

The defendant told the officer that he had found the items that he returned to the victim in his

backyard.  He stated that he saw a person known as "Tim Tim" on a neighbor's porch earlier that

day holding two guns, one of which was a shotgun.  The defendant positively identified Tim Tim

as Timothy Hairston[2] from a photographic lineup.  The Commonwealth charged Tim Tim with

the breaking and entering and grand larceny based on the defendant's statements and

identification.

The Commonwealth's attorney and the investigator interviewed the defendant a second

time and recorded the interview.  The defendant repeated his statements about seeing Tim Tim

on the neighbor's porch holding two guns.  He added that he saw Tim Tim putting a gun into a

car.  The defendant agreed to testify for the Commonwealth at Tim Tim's preliminary hearing.

During his testimony at Tim Tim's preliminary hearing, the defendant denied having seen

Tim Tim with any guns on the day of the break-in.  He testified that he saw someone place a

shotgun in a car, but he was not sure who the person was.  He had seen Tim Tim on the

---

[2] Timothy Hairston is no apparent relation to the defendant.

neighbor's porch the day of the break-in, but Tim Tim had nothing with him. As a result of the defendant's unexpected testimony, the Commonwealth dismissed the charges against Tim Tim.

The Commonwealth then charged the defendant with grand larceny of the property taken from the Foley residence. The defendant testified in his own defense at his preliminary hearing. He stated that he saw Tim Tim at the neighbor's with two guns and at some point Tim Tim was near a car with the guns. He also testified that he told the Commonwealth's attorney at Tim Tim's preliminary hearing that he had seen Tim Tim place two guns in a car. His testimony was consistent with his initial statement that incriminated Tim Tim and inconsistent with his testimony at Tim Tim's preliminary hearing that exonerated Tim Tim.

After convicting the defendant of receiving stolen property, the Commonwealth charged him with perjury. The trial court found the defendant's subsequent testimony "was in material conflict with" his earlier testimony and concluded that the defendant "knowingly gave conflicting testimony in an effort to deflect guilt since he was in fact the defendant at the second preliminary hearing." It found him guilty of perjury.

"Testimony is material if it is relevant to a main or collateral issue on trial." Sheard v. Commonwealth, 12 Va. App. 227, 232, 403 S.E.2d 178, 180 (1991). The defendant's testimony was "about a fact that could influence the outcome of the proceeding." Ronald J. Bacigal, Criminal Offenses and Defenses at 472 (2009-2010 ed.). It did in fact change the outcome of a proceeding by causing the dismissal of the charges against Tim Tim.

The defendant initially told the investigator that he had seen Tim Tim with recently stolen property near the site of the breaking and entering. At the preliminary hearing of charges placed because of that incriminating statement, the defendant stated the opposite. He testified that he had not seen Tim Tim with stolen property. Later at his own preliminary hearing, the defendant testified that he had seen Tim Tim with the stolen property. At Tim Tim's hearing, the defendant

exonerated Tim Tim; at his own hearing, the defendant incriminated him. The defendant's testimony at the two preliminary hearings was diametrically opposed.

Any person who, "with the intent to testify falsely, . . . knowingly give[s] testimony under oath as to any material matter or thing" and who subsequently gives "conflicting testimony under oath as to the same matter or thing" shall be guilty of perjury. Code § 18.2-435. It is sufficient "to prove that the defendant, knowingly and with the intent to testify falsely, gave such differing testimony and that the differing testimony was given on two separate occasions." Id. The "proof requirements of Code § 18.2-435 are less extensive than those of Code § 18.2-434, which embodies the common law crime of perjury," Angelone v. Dabney, 263 Va. 323, 327, 560 S.E.2d 253, 255 (2002), because Code § 18.2-435 does not require the Commonwealth to prove which of the defendant's contradictory statements was false in order to obtain a conviction for perjury, Scott v. Commonwealth, 14 Va. App. 294, 297, 416 S.E.2d 47, 49 (1992); see generally Bacigal, supra, at 473.

The defendant gave testimony that was the polar opposite on two separate occasions. Those facts permitted the trial court to make its finding that the defendant had the intent to testify falsely. The defendant's actions gave rise to a reasonable inference that he intended the natural and probable consequences of his acts. See Winston v. Commonwealth, 268 Va. 564, 580, 604 S.E.2d 21, 30 (2004).

The evidence was sufficient to prove guilt beyond a reasonable doubt. Accordingly, we affirm.

Affirmed.