COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Frank and Huff
Argued at Chesapeake, Virginia


CRAIG RODNEY LEWIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0478-12-1                      JUDGE LARRY G. ELDER
                                                    DECEMBER 18, 2012

COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                                    C. Peter Tench, Judge

          Andrew J. Adams, Deputy Public Defender (Office of the Public
          Defender, on brief), for appellant.

          Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Craig Rodney Lewis (appellant) appeals his two convictions for possession of a cellular

phone by a prisoner, in violation of Code § 18.2-431.1.  On appeal, he argues that the trial court

erred by finding he was a prisoner within the meaning of the statute and that the evidence was

sufficient to support his convictions.  We hold that Code § 18.2-431.1's prohibition on

unauthorized cell phones encompasses incarcerated persons in both state and local correctional

facilities.  Further, we find the evidence was sufficient to support appellant's convictions.

Therefore, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

ANALYSIS

A. Statutory Interpretation

Appellant contends that he was not a "prisoner" within the scope of Code § 18.2-431.1 because he was held at a "city farm,"[1] not a "prison." Appellant reasons that any ambiguous language must be interpreted strictly against the Commonwealth. The Commonwealth responds that appellant's interpretation of the statute is absurd, unsupported by authority, and "would frustrate the purpose of the statute."

We review the trial court's interpretation of the statute *de novo*. See Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 91 (2007). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). Thus, we construe a statute "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." Esteban v. Commonwealth, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one

---

[1] The governing body of any county or city may . . . establish and maintain a farm where any person convicted and sentenced to confinement in the jail of such county or city, or sentenced to a state correctional institution, may be confined and required to do such work as may be assigned him during the term of his sentence.

Code § 53.1-96.

interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). "Additionally, '[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" Id. at 350, 706 S.E.2d at 862 (quoting Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007)).

"'[I]t is a cardinal principle of law that penal statutes are to be construed strictly against the [Commonwealth]' and 'cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute.'" Auer v. Commonwealth, 46 Va. App. 637, 647-48, 621 S.E.2d 140, 145 (2005) (quoting Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960)). However, "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Code § 18.2-431.1(B) provides: "It shall be unlawful for an incarcerated prisoner without authorization to possess a cellular telephone during the period of his incarceration." Neither the particular code section nor the chapter of which it is a part provides a definition for the term "prisoner." However, "[t]he Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed." King v. Commonwealth, 2 Va. App. 708, 710, 347 S.E.2d 530, 531 (1986). With this principle in mind, we turn to other code sections that define prisoner-related offenses.

Code § 53.1-95, pertaining to county and city jail farms, refers to persons in the care and custody of such facilities as "prisoners." Code § 53.1-203 prohibits "a prisoner in a state, local

or community correctional facility or in the custody of an employee thereof to" commit certain acts, including escape. See also Simmons v. Commonwealth, 16 Va. App. 621, 623, 431 S.E.2d 335, 336 (1993) (holding that the term "a prisoner in a . . . correctional facility" refers to the status of the individual, not to the particular circumstances surrounding the person at the time of the offense). Code § 18.2-473 proscribes aiding the escape of a "prisoner in any jail or prison or held in custody." Code § 18.2-473.1 forbids unauthorized communication "with any prisoner confined within a state or local correctional facility." Code §§ 18.2-474 and 18.2-474.1 prohibit delivery of certain items "to any prisoner confined under authority of the Commonwealth of Virginia, or of any political subdivision thereof."

In these code sections, the legislature used the term "prisoner" to encompass inmates in state as well as local correctional facilities. The legislature clearly employed the term "prisoner" in this broad sense in Code § 18.2-431.1 as well, despite the lack of specific language explaining its scope. Therefore, we hold that Code § 18.2-431.1's prohibition on unauthorized cell phones encompasses incarcerated persons in both state and local correctional facilities.

Appellant argues that the code itself distinguishes between "prisons" and "jails" or "city farms." See, e.g., Code §§ 18.2-10, -11, 53.1-96. We decline to reach this issue because it is peripheral to the issue in this case: "prison" and "prisoner" are two different words. Despite the similarities between the two, the legislature may have used the terms differently.

### B. Sufficiency of the Evidence

Appellant argues that the trial court erred by finding beyond a reasonable doubt that he was in possession of the cellular phones. He contends that the trial court failed to recognize the reasonable hypotheses of innocence that another inmate put the mobile phone on his mattress in the first instance of alleged possession and that a cell mate hid the phone in his mattress in the

second instance. The Commonwealth responds that the evidence was sufficient to prove that appellant had knowledge of the presence of both phones and exercised control over them.

"[W]hen we consider the sufficiency of the evidence we do not consider each piece of evidence in isolation. Instead, we review the totality of the evidence to determine whether it was sufficient to prove an offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007). "'The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is plainly wrong or without evidence to support it.'" Nelson v. Commonwealth, 281 Va. 212, 215, 702 S.E.2d 815, 816 (2011) (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)). Thus, our review is limited to the narrow issue of whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Goble v. Commonwealth, 57 Va. App. 137, 153, 698 S.E.2d 931, 939 (2010) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2786, 61 L. Ed. 2d 560, 570 (1979)). When the sufficiency of the evidence is challenged on appeal, we view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the party prevailing below. Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

At trial, Robert Carr, a correctional officer at Newport News Adult Corrections testified on behalf of the Commonwealth. He testified regarding two incidences involving appellant. First, based on an anonymous tip, Carr approached appellant and asked him for the cellular phone. Appellant handed Carr a mobile phone.

Two days later, Carr searched appellant's bunk and found a cellular phone hidden inside the mattress. When Carr approached, appellant was sleeping on top of his mattress. Carr

explained that the phone was placed inside a rip on the underside of the mattress. He could tell an object was inside the mattress simply by touching the outside of the mattress.

Appellant did not have permission to possess a cellular phone during his incarceration. He shared his cell with eleven other inmates.

The following principle is well-established:

> "To support a conviction based upon constructive possession . . . 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control.'"

McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399-400 (2009) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). "'[P]ossession need not always be exclusive. The defendant may share it with one or more.'" Smallwood v. Commonwealth, 278 Va. 625, 630, 688 S.E.2d 154, 156 (2009) (quoting Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970)). Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc). Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession. Rawls v. Commonwealth, 272 Va. 334, 350, 634 S.E.2d 697, 705 (2006).

In sum, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979). In regard to the first conviction, appellant handed the phone to Carr. In this instance, appellant had actual possession of the phone. This evidence was sufficient for the trial court to find that appellant possessed the phone.

In regard to the second conviction, circumstantial evidence of constructive possession is sufficient to support a conviction, provided "'it exclude[s] every reasonable hypothesis of innocence.'" Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (quoting Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987)). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Id. at 755, 433 S.E.2d at 29. Whether an alternative hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and, therefore, is binding on appeal unless plainly wrong, see Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The evidence that the appellant was lying on the cot moments before Carr searched the cell and that the phone could be easily felt from the outside of the mattress supports the trial court's finding that appellant constructively possessed the phone. The totality of the circumstances were sufficient to prove appellant's possession.

II.

We hold that Code § 18.2-431.1 applies to prisoners of local as well as state correctional facilities. Further, the evidence was sufficient to support appellant's convictions. For these reasons, we affirm.

Affirmed.