COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Ortiz and Raphael

ROGER LEON TURNER

v.      Record No. 0832-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 2, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Jeffrey R. Blair, Assistant Public Defender, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee.


Roger Leon Turner appeals from the decision of the Circuit Court of the City of

Chesapeake revoking a portion of his previously suspended sentences. Turner contends that the

trial court abused its discretion by finding Turner in violation of Condition 7 of his probation,

which prohibited him from "using alcoholic beverages to the extent that it disrupt[ed] or

interfere[ed] with [his] employment or orderly conduct." After examining the briefs and record,

the panel unanimously concludes that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the

trial court.

BACKGROUND

On September 27, 2018, the trial court accepted Turner's guilty pleas and convicted him

of assault and battery on a law-enforcement officer and petit larceny as a third or subsequent

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

offense. For the assault-and-battery offense, the trial court sentenced Turner to five years' imprisonment with four years suspended. For the larceny offense, the trial court sentenced Turner to five years' imprisonment with three years and five months suspended. Turner's suspended sentence was conditioned upon compliance with the conditions of supervised probation. Condition 7 prohibited him from consuming alcoholic beverages to the extent that they disrupted or interfered with his employment or "orderly conduct." He was also ordered to remain drug and alcohol free.

Over the course of the next three years, while on supervised probation, Turner was convicted of public intoxication multiple times. Turner's probation officer described his adjustment to supervision as "unfavorable" and reported that Turner was "non-complian[t] with the rules of probation and the special conditions ordered by the courts."

On March 9, 2021, the trial court found Turner in violation of the conditions of his probation, revoked his suspended sentences, and resuspended all but two months. The trial court again ordered Turner not to consume any alcohol while on probation.

On April 12, 2021, Turner's probation officer filed a major violation report alleging that Turner had again violated the conditions of his probation. The report stated that police arrested Turner on March 15, 2021—for public intoxication—and again on April 5, 2021—for obstructing justice, trespassing, and public intoxication. The report and a subsequent addendum charged that Turner had violated Condition 1 of his probation (requiring him to obey all laws) and Condition 7 (that he "not use alcoholic beverages to the extent that it disrupts or interferes with [his] employment or orderly conduct").[1]

At the June 15, 2021 revocation hearing, Turner admitted that his drunk-in-public conviction evidenced a violation of Condition 1 but denied that he violated Condition 7. He

---

[1] Turner does not challenge his conviction for violating Condition 1.

claimed that he drank only two sixteen-ounce cans of beer on the date of the offense, which did not affect his conduct. He also stated that, because he was an alcoholic, he would probably drink alcohol for the rest of his life. The Commonwealth offered the conviction order but no other evidence in support of the violation.

The trial court found Turner in violation of his probation, revoked his previously suspended sentences, reimposed a total sentence of seven years and three months, and resuspended all but one year.

ANALYSIS

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). A trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

The trial court did not abuse its discretion in finding that Turner violated Condition 7 of his probation. At the revocation hearing, he pleaded not guilty to the violation and argued that his

drinking did not impact his employment or behavior. But the drunk-in-public conviction provided the trial court evidence to the contrary.[2]  *See* Code § 18.2-388.

While "intoxicated" is not defined in the criminal statute, this Court has recognized that "the Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed."  *King v. Commonwealth*, 2 Va. App. 708, 710 (1986). "[I]ntoxicated," as defined in Code § 4.1-100, is "a condition in which a person has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance, or behavior."  In other words, not acting in an "orderly" manner.  So the drunk-in-public conviction supported the trial court's finding that Turner violated Condition 7.

Turner is mistaken that "the [c]ourt conflated use of alcohol, which the Court ordered defendant to refrain from consuming, with a violation of Condition [7]."  It is true that the trial court equated Turner's failure to refrain from alcohol (under the special conditions of probation and the court's first revocation order) with Turner's drinking to the point where alcohol negatively impacted Turner's behavior (under Condition 7).  The trial judge said those were "the same thing in my mind."  But given the trial court's familiarity with Turner's case—including Turner's self-identification as an alcoholic who will drink for the rest of his life; the probation officer's conclusion that alcohol rehabilitation efforts "have proven futile, as well as exhausting [to] the Commonwealth's resources"; and Turner's previous drunk-in-public arrests and convictions—the trial court's statement does not discredit its finding that Turner violated Condition 7.

Because the trial court did not err in finding that Turner violated Condition 7, there is also no error in the sentence.  *See* Code § 19.2-306(C)(ii) (Supp. 2020) ("If the court . . . finds

---

[2] The Commonwealth relied solely on the drunk-in-public conviction to prove the violation, and so "the 'bare fact' of such conviction clearly becomes the basis for the revocation order.'" *Resio v. Commonwealth*, 29 Va. App. 616, 622 (1999).  Thus, we focus on that offense.

good cause to believe that the defendant has violated the terms of suspension, then . . . the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.").[3]

## CONCLUSION

We find no abuse of discretion in the trial court's conclusion that Turner was guilty of violating Condition 7 of his probation. We likewise find no error in the trial court's decision to revoke and reimpose Turner's suspended sentences and to resuspend all but one year of those sentences.

*Affirmed.*

---

[3] Code § 19.2-306(C) was amended effective July 1, 2021, and it no longer mandates that the trial court revoke the sentence. 2021 Va. Acts, Sp. Sess. I, ch. 538 ("If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.").