# Richmond

THE TRAVELERS INSURANCE COMPANY V. JOLIFF S. BRINKLEY.

March 12, 1936.

Present, Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Hughes, Little & Seawell,* for the plaintiff in error.

*Venable, Miller, Pilcher & Parsons* and *Malcolm G. Robinson,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

An action instituted by notice of motion by Joliff S. Brinkley against the Travelers Insurance Company resulted in a verdict and judgment in his favor for $2,000, the amount for which he sued. To this judgment a writ of error has been granted.

The cause of action arose against the Travelers Insurance Company by virtue of a group insurance policy issued by it to the Norfolk and Portsmouth Belt Line Railroad Company by whom Brinkley was employed. A certificate of insurance was issued by the insurance company to Brinkley by reason of that employment. This certificate contained the following pertinent paragraph:

"If any employee shall furnish the company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive further payment of premium as to such employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability either in one amount or in a fixed number of installments chosen by him, the first installment to be paid immediately upon receipt of due proofs of such disability."

While this insurance contract was in full force and effect Brinkley sustained a very serious injury to his left hand. As a result of this injury the tendons on the back

of his hand have become imbedded in scar tissue so that it is now impossible for him to close his hand or to grip anything with that hand. He also suffers from pain when the back of his hand is touched due to the fact, as testified to by his doctor, that the end of a nerve had been fastened in this scar tissue. However, the testimony shows that this pain can be relieved by a slight operation.

Brinkley had been an employee of the Belt Line Railroad for a number of years and was a conductor at the time of the injury. He first began in the railroad service in 1912 as a yard clerk, then became a brakeman, and had been a conductor for the greater part of the time since the World War. He is thirty-six years of age, and except for the injury to his left hand, his health is not otherwise impaired.

The learned judge of the trial court held the view and in effect so instructed the jury that the language of the policy "wholly disabled by bodily injury or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit," should be construed to mean and had reference to the vocation or calling in which the insured was engaged at the time he became disabled, and if he was disabled to the extent that he is prevented from following his usual occupation, he has a total permanent disability within the meaning of the policy.

There are four assignments of error, all of which draw in question the correctness of this construction of the policy by the court under the facts in this case.

The testimony shows and it must be conceded that Brinkley has suffered a permanent injury to his hand, and while the injury is a very serious and unfortunate one, in our opinion it does not permanently and totally disable him for life "from engaging in any occupation or employment for wage or profit," within the meaning and intent of the certificate of insurance.

It is a matter of common knowledge that the loss of the use of a hand does not wholly incapacitate a man

from engaging in any occupation for wage or profit. Almost daily observation serves to demonstrate this fact. In the recent case of *Metropolitan Life Insurance Company* v. *Myers,* 161 Va. 822, 829, 172 S. E. 279, 281, which involved the question of permanent and total disability under the terms of an insurance policy, Mr. Justice Browning speaking for the court said: "Many of the cases which have had to do with the effect of insurance policies with terms similar to the ones here, have been concerned with accidents in which a hand, or a leg, or some member, was lost. One of the cases cited by the appellant dealt with an accident in which the hand of a railroad employee was cut off, and the claimant was asked what he could do. His response was that he could do anything that a one-armed man could do. The appellate court denied him the recovery which he had secured in the lower court, and, we think, rightly." The same conclusion was reached in the case of the *C. & O. Railway Co.* v. *Arrington,* 126 Va. 194, 101 S. E. 415, wherein it was decided that one who had lost a hand and forearm was not totally disabled.

Whether or not a specific injury or disease renders one permanently and totally disabled within the meaning of the term as used in an insurance policy is to be determined in the light of the nature and extent of the disability in the particular case, taking into consideration a practical application and construction of the term to the end that the purpose and object of the contract between the parties may be realized and made effectual.

In addition to the case of the *Metropolitan Life Insurance Company* v. *Myers, supra,* this court has given consideration to a similar clause of permanent and total disability in an insurance policy in the case of the *Atlantic Life Insurance Company* v. *Worley,* 161 Va. 951, 172 S. E. 168, 172. In both of these cases the disabilities were found to be permanent and total within the meaning of the terms of the respective policies under the facts and circumstances shown to have existed in each. The court in the *Worley Case* said: "Total and permanent disability, as

used in insurance policies, is a relative expression. It does not mean absolute incapacity, mental and physical. The term must be construed rationally and practically and the trial court should have instructed the jury on the meaning of total and permanent disability in the light of the almost unanimous judicial interpretation of those words. The jury should have been told that the disability contemplated by the policy did not mean a state of absolute helplessness, but meant the inability to do substantially all of the material acts necessary to the prosecution of any occupation for remuneration or profit in substantially the customary and usual manner in which such occupation is prosecuted. This would have been an equitable and reasonable interpretation of the term. Contracts of insurance should receive a reasonable construction so as to effectuate the purposes for which they are made. Legal effect should be given to the language used, and the object to be accomplished by the contract should be considered in interpreting it."

It was not the intention of the court in either of the above cases to limit the construction of "total and permanent" disability provisions of insurance policies to the occupation or vocation in which the insured might be engaged at the time of the disability, and if the opinions in those cases lend weight to such a construction, they are hereby modified to conform to the views herein expressed.

We are of the opinion that the facts in this case do not warrant a finding that Brinkley has been totally and permanently disabled under the provisions of his policy. While this court has given a liberal interpretation to such provisions, these interpretations have been within the spirit and purpose of the contract. To go further than this makes a new and different contract between the parties, not permitted by any rule of construction.

The judgment of the lower court will be reversed and final judgment entered for the plaintiff in error.

*Reversed and final judgment.*