### Richmond

JONATHAN D. BRANCH

v.

COMMONWEALTH OF VIRGINIA

No. 0750-91-2

Decided July 14, 1992

COUNSEL

Craig S. Cooley, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BARROW, J.**—This appeal is from a conviction for aggravated malicious wounding and second degree murder. The defendant contends that the evidence did not support his conviction for aggravated malicious wounding because it did not show that the victim was left "totally and permanently disabled." Code § 18.2-51.2. He also contends that the Commonwealth did not prove beyond a reasonable doubt that his acts were done maliciously. We hold that the meaning of "totally . . . disabled" as used in Code § 18.2-51.2 includes injuries such as those sustained by the victim. We further hold that the evidence of malice was sufficient. Therefore, we affirm the defendant's convictions.

The victim, Hong Sur Kim, operated a convenience store. One afternoon, while he was in his office, he heard his wife screaming that someone was stealing beer. When he investigated, Kim discovered the defendant in the store crouched near a beer refrigerator. Kim pulled out a gun and told the defendant to sit in a chair while he called the police. He explained that if the defendant did what he said, he would not shoot. As Kim turned his back to the defendant to make the call, the defendant shot him and also fatally shot an employee of the store.

One of the two gunshot wounds Kim received damaged his spinal cord. As a result, he now has no use of his legs, no voluntary bowel or bladder control, and only partial function in his hands and arms. His physician testified that his chances of walking again are "extremely poor" and that he knows of no other patient with similar injuries who has ever been able to walk again.

The defendant testified that while he was in the store, Kim grabbed him and forced him to sit in a chair. The defendant explained that he became scared because Kim was pointing a gun at him, Kim and his wife were speaking together in a language that he did not understand, and he believed that Kim was the same store owner who had shot another person in the back two weeks earlier. The defendant admitted shooting Kim and his employee, but claimed that he did not intend to kill them, only to escape so that the police would not find him at the store with an illegal weapon.

## TOTALLY AND PERMANENTLY DISABLED

█ Code § 18.2-51.2, as in effect at the time the defendant shot Kim, provided that "[i]f any person maliciously shoots . . . any other person . . . with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony in any case where the victim is caused thereby to be totally and permanently disabled." The defendant argues that Kim is not "totally . . . disabled" because he still has partial use of his arms and control over his mental, speech, and respiratory functions. We do not agree.

█ The principles of statutory construction require us to ascertain and give effect to the legislative intent. *Scott v. Commonwealth*, 14 Va. App. 294, 296, 416 S.E.2d 47, 48 (1992); *Crews v. Commonwealth*, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (1987). The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results. *Scott*, 14 Va. App. at 296, 416 S.E.2d at 48; *Walthall v. Commonwealth*, 3 Va. App. 674, 679, 353 S.E.2d 169, 172 (1987). In addition, penal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language of the statute. *Price v. Commonwealth*, 209 Va. 383, 388-89, 164 S.E.2d 676, 679-80 (1968); *Scott*, 14 Va. App. at 296, 416 S.E.2d at 48; *Crews*, 3 Va. App. at 536, 352 S.E.2d at 3.

█ Where possible, a statute should be construed with a view toward harmonizing it with other statutes. *Morris v. Morris*, 4 Va. App. 539, 543-44, 359 S.E.2d 104, 107 (1987). Because the Code of Virginia is one body of law, other Code sections using the same phraseology may be consulted in determining the meaning of a statute. *Scott*, 14 Va. App. at 298, 416 S.E.2d at 49.

Language very similar to the phrase "totally . . . disabled" is used in the Workers' Compensation Act. There, the language "permanent and total incapacity" includes, among other things, the loss, or the loss of use, of both hands, both arms, both feet, or both legs. Code § 65.2-503(C)(D) (formerly Code § 65.1-56(18)); *see Virginia Oak Flooring Co. v. Chrisley*, 195 Va. 850, 856-57, 80 S.E.2d 537, 541 (1954).

■ Also, the meaning judicially afforded "total and permanent disability" as used in insurance policies does not mean a state of absolute helplessness, but rather, "the inability to do substantially all of the material acts necessary to the prosecution of any occupation for remuneration or profit in substantially the customary and usual manner in which such occupation is prosecuted." *Chavez v. Continental Ins. Co.*, 218 Va. 76, 80-81, 235 S.E.2d 335, 338 (1977); *see also Carver v. Metropolitan Life Ins. Co.*, 191 Va. 265, 271, 60 S.E.2d 865, 867-68 (1950); *Travelers Ins. Co. v. Brinkley*, 166 Va. 147, 151, 184 S.E. 225, 226 (1936). In determining the extent of disability, courts must apply both a functional and humane approach, taking into consideration not only the injured person's permanent unemployability, but also his non-vocational quality of life. *Barnett*, 6 Va. App. at 36, 366 S.E.2d at 274. Whether a specific injury renders one totally and permanently disabled is to be determined in the light of the nature and extent of the disability in the particular case. *Brinkley*, 166 Va. at 150, 184 S.E. at 226. Instructive here are cases in which courts have found total disability where an employee has lost use of his legs through paralysis. *See, e.g., Chrisley*, 195 Va. at 856-57, 80 S.E.2d at 541-43; *cf. Brinkley*, 166 Va. at 151, 184 S.E. at 226-27 (the loss of use in one hand did not constitute total and permanent disability).

■ The General Assembly is presumed to have known, when it enacted Code § 18.2-51.2, the definition and interpretation already attributed to the term "total . . . incapacity" in the Workers' Compensation Act and the term "total . . . disability" in insurance cases; therefore, it must have intended that "totally . . . disabled," as used in Code § 18.2-51.2, would be given the same meaning. *See Burns v. Board of Supervisors*, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984); *Scott*, 14 Va. App. at 298, 416 S.E.2d at 49. Therefore, we hold that the term "totally . . . disabled," as used in Code § 18.2-51.2, does not mean a state of absolute helplessness, but means the "inability to do substantially all of the material acts necessary to the prosecution of any occupation for remuneration or profit in substantially the customary and usual manner in which such occupation is prosecuted." *Chavez*, 218 Va. at 80-81, 235 S.E.2d at 338. It is a relative term, the application of which is to be determined in light of the nature and extent of the injury in a particular case. In addition to the victim's unemployability, his non-vocational quality of life is also

a factor to be considered.

Thus, we hold that Kim is "totally . . . disabled" because he is unable to use his legs, has no bowel and bladder control, and has only limited use of his hands and arms. As a result of his paralysis, his ability to continue his former employment, his chances of pursuing other employment, and his quality of life are substantially diminished. His condition is the type intended by the General Assembly to be covered by Code § 18.2-51.2.

## MALICE

The Commonwealth had the burden of establishing, beyond a reasonable doubt, that in shooting Kim and his employee, the defendant acted with malice. Code § 18.2-51.2; *Essex v. Commonwealth*, 228 Va. 273, 280, 322 S.E.2d 216, 220 (1984). The defendant contends that the Commonwealth failed to carry its burden. We disagree.

Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation. *Id.* Whether malice existed is a question for the jury. *Id.*; *Smith v. Commonwealth*, 220 Va. 696, 700-01, 261 S.E.2d 550, 553 (1980). Here, the jury could reasonably have found from the evidence that defendant shot Kim and his employee with malice. The evidence showed that as Kim turned his back to the defendant to call the police, the defendant fired four shots into the backs of Kim and his employee. The jury was not required to accept the defendant's theory that he was provoked. *Rollston v. Commonwealth*, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

For these reasons, the judgment of conviction is affirmed.

*Affirmed.*

Baker, J., and Elder, J., concurred.