COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Bray and Retired Judge Trabue[*]
Argued at Norfolk, Virginia

MICHAEL E. COOPER, s/k/a
  MICHAEL EDWARD COOPER

v.          Record No. 0553-94-1          MEMORANDUM OPINION[**] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                  MAY 30, 1995

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

Daniel L. Mitchell (Robert A. Blount & Associates, on
brief), for appellant.

Monica S. McElyea, Assistant Attorney General (James S.
Gilmore, III, Attorney General, on brief), for appellee.


Michael E. Cooper (defendant) was convicted in the trial
court of "Malicious Bodily Injury to Law Enforcement Officers"
pursuant to Code § 18.2-51.1. Defendant complains on appeal that
the evidence was insufficient to prove the requisite malice. We
disagree and affirm the conviction.

Under familiar principles of appellate review, we examine
the evidence in the light most favorable to the Commonwealth,
granting to it all reasonable inferences fairly deducible
therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358
S.E.2d 415, 418 (1987). The judgment of a trial court, sitting
without a jury, is entitled to the same weight as a jury verdict
and will be disturbed only if plainly wrong or without evidence
to support it. Id.

---

[*]Retired Judge Kenneth E. Trabue took part in consideration
of this case by designation pursuant to Code § 17-116.01.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On March 9, 1993, Newport News Police Officers M. E. Horton and R. Ronneberg, both in uniform, responded to a "third party" report of a domestic dispute. After a brief investigation, defendant was arrested for "assault and battery." However, before being taken into custody, defendant became uncooperative, and "pushed his face up against Ronneberg's face." In an effort to restrain him, the officer "bear hug[ged]" defendant and placed him "on the ground." However, defendant continued struggling, "doing pushups and scratching and trying to get away." When Horton "grabbed him in the chest area," defendant "reached out and clamped on to [his] arm and just bit as hard as he could." Horton "could see the muscles in [defendant's] jaw just clamping down," and he "had to pull it out because [defendant] wasn't letting it go." Horton described defendant as "crazy, biting everything, anything he could get . . . to," including the "metal ring" on a flashlight, "causing an indentation." As a result of the attack, Horton's "skin was opened up and . . . bleeding," bruised and swollen, necessitating hospital treatment, and remained scarred at the time of trial.

> Code § 18.2-51.1 provides, in pertinent part, that [i]f any person maliciously causes bodily injury to another by any means including the means set out in § 18.2-52, with intent to maim, disfigure, disable or kill, and knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties . . ., such person shall be guilty of a Class 3 felony.

Id.

"'Malice inheres in the doing of a wrongful act intentionally,

or without just cause or excuse, or as a result of ill will.'" Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475 (1989) (citation omitted). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation." Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992) (citation omitted). Although "[t]he nature and extent of the bodily injury . . . may reflect . . . the intent with which the injuries were inflicted," these circumstances "are not exclusive factors." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc) (citations omitted). The presence of malice is a "'question of fact to be determined by [the trier of fact].'" Long, 8 Va. App. at 198, 379 S.E.2d at 476 (citation omitted).

Here, the finding of malice by the trial court was well supported by the circumstances attending the attack and the resulting injury. Accordingly, we affirm the conviction.

Affirmed.