COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia

CARSON RAY SHENK

                                                OPINION BY
v.      Record No. 1165-96-4          JUDGE CHARLES H. DUFF
                                                JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF WARREN COUNTY
                    Dennis L. Hupp, Judge

        Christian J. Griffin, Assistant Public
        Defender, for appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Carson Ray Shenk (appellant) was convicted of a second

offense of driving after having been adjudicated an habitual

offender.  He alleges on appeal that the trial court erred in

refusing to apply the habitual offender statute's "agricultural

purposes" exemption to his operation of a tractor to his home

from a residence where he previously had mowed the lawn.  We

disagree and affirm the conviction.

                                I.

    On August 29, 1995, Town of Front Royal Police Sergeant R.E.

Bukva received a report that appellant was operating a lawn

tractor on the streets.  Bukva knew that appellant was an

habitual offender.  Bukva first saw appellant standing in the

yard of a single family dwelling at the corner of Brown Avenue

and Cherrydale Avenue in Front Royal.  The officer saw a lawn

tractor, hooked to a small wagon, parked in front of the

residence.  Bukva parked his car where he could watch appellant.

Within minutes, appellant began to drive the tractor on the street.

Bukva saw appellant make a u-turn with the tractor on Brown Avenue, then drive to Cherrydale Avenue. The officer drove to appellant's house on Duncan Avenue and saw appellant drive the tractor through his yard, toward the street. When appellant saw Bukva, he put the tractor out of gear, jumped off the tractor, and ran. The officer could not see where appellant ran. When Bukva and another officer knocked on the door to appellant's house, no one answered. Bukva testified that appellant drove the tractor 300 to 400 yards.

Bukva testified that the area where appellant drove the tractor is residential, containing single and multi-family dwellings. Bukva testified that the area contains no farms, and he did not see even a garden at appellant's residence.

The Commonwealth introduced records which established that appellant had been adjudicated an habitual offender and previously had been convicted of driving after having been so adjudicated. Dean Reynolds testified on behalf of appellant that appellant had mowed Reynolds' lawn the day before and had returned on August 29 to retrieve the lawn mower.

At appellant's bench trial, the trial judge found that appellant drove a tractor on the public highway, that he had been adjudicated an habitual offender, and that he previously had been convicted for violating that order of adjudication. The judge also found that appellant was not moving the tractor from one tract of land used for agricultural purposes to another tract of

land used for agricultural purposes.  He noted, "According to the Statute, it is not the nature of the activity at the time but the nature of the use of the land at the time.  What the land is commonly used for."  The judge refused to apply the statutory exemption.

## II.

Code § 46.2-357 provides that it is unlawful for one who has been adjudicated an habitual offender to drive a motor vehicle or self-propelled machinery or equipment on the highways during the pendency of the revocation of his driving privilege.  The statute also provides the following exemption:

> However, the revocation determination shall not prohibit the person from operating any farm tractor on the highways when it is necessary to move the tractor from one tract of land used for agricultural purposes to another tract of land used for agricultural purposes, provided that the distance between the said tracts of land is no more than five miles.

The parties do not dispute that appellant was operating a "farm tractor," within the meaning of the statute.[1]  Nor do they contest that appellant operated the vehicle for less than five miles.  Rather, the sole issue before this Court is whether appellant was moving the tractor from "one tract of land used for agricultural purposes to another tract of land used for agricultural purposes."

---

[1] Code § 46.2-100 defines "farm tractor" as "every motor vehicle designed and used as a farm, agricultural, or horticultural implement for drawing plows, mowing machines, and other farm, agricultural, or horticultural machinery and implements including self-propelled mowers designed and used for mowing lawns."

In <u>Newton v. Commonwealth</u>, 21 Va. App. 86, 462 S.E.2d 117 (1995), we held:

> Principles of statutory construction mandate that we "give effect to the legislative intent."  While penal statutes must be strictly construed against the Commonwealth, "[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results."

<u>Id.</u> at 89, 462 S.E.2d at 119 (citations omitted).  <u>Accord</u> <u>Seke v. Commonwealth</u>, 24 Va. App. 318, 322, 482 S.E.2d 88, 90 (1997).  While the legislature did not define the term "agricultural purposes" in Title 46.2, we may look to other provisions of the Code for assistance in defining the term.  <u>See</u> <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 425 (1992) ("[b]ecause the Code of Virginia is one body of law, other Code sections using the same phraseology may be consulted in determining the meaning of a statute").

Code § 13.1-313, concerning Agricultural Cooperative Associations, defines "agricultural products" as "livestock and livestock products, dairy products, poultry and poultry products, seeds, nuts, ground stock, horticultural, floricultural, viticultural, forestry, bee and any and all kinds of farm products."  Code § 18.2-121.2, which is entitled, "Trespass by spotlight on agricultural land," prohibits the willful use of a

-4-

spotlight or similar apparatus to "cast a light upon private property used for livestock or crops."  Moreover, according to Black's Law Dictionary 68 (6th ed. 1990), "agricultural" pertains to land where farming is the "leading pursuit."

                                   III.

The evidence in this case established that appellant drove the tractor in a residential area of the Town of Front Royal. Sergeant Bukva described the area as consisting of single and multi-family dwellings.  He stated that there were no farms in the area.  The trial judge rejected appellant's argument that his operation of the tractor