COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


DEBORAH LILLIAN WHITE
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2773-96-3    JUDGE SAM W. COLEMAN III
                                       DECEMBER 23, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                  William N. Alexander, II, Judge

            Jon Ian Davey (Law Office of Jon I. Davey, on
            brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


        Deborah Lillian White was convicted in a bench trial on two

counts of malicious wounding, one count of attempted malicious

wounding and one count of threatening to burn a dwelling.  The

issues on appeal are (1) whether the evidence was sufficient to

prove that White acted with malice, and (2) whether the evidence

established as a matter of law that White was intoxicated and

could not form the requisite intent to commit malicious wounding.

 Upon review, we affirm the malicious wounding convictions.

                  I. SUFFICIENCY OF THE EVIDENCE

        To support a conviction for malicious wounding under Code

§ 18.2-51, the Commonwealth must prove that the defendant

inflicted the victim's injuries "maliciously and with the intent

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to maim, disfigure, disable or kill." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc). "Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury." Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993) (citations omitted). Intent must often be proven by circumstantial evidence, and the fact finder may "infer that a person intends the natural and probable consequences of his acts." Campbell, 12 Va. App. at 483, 405 S.E.2d at 4. Whether the appellant acted with the requisite mens rea was a question of fact to be determined by the fact finder. See Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992).

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). So viewed, the Commonwealth's evidence proved that the appellant's mother, Odella Witcher, was driving her automobile from Chatham to Danville accompanied by two of her friends and the appellant. During the drive, the appellant demanded that Witcher stop at a Chatham bank, cash her Social Security check, and give the appellant money. When Witcher refused, the appellant stood up in the back seat and said: "All you mother fuckers gonna die." She

then reached over Witcher's right shoulder and grabbed the steering wheel causing the car to lose control and strike a tree. At the time, the car was traveling at about twenty miles per hour. Witcher suffered fractured ribs and a bruised heart, and another passenger suffered a lacerated mouth requiring several stitches. After the crash, the appellant exited the vehicle and told her mother, "you ain't dead yet, but you will be." She fled the scene and did not attempt to help the injured persons.

On this evidence, we cannot say that the trial court's judgment was "plainly wrong or without evidence to support it." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). The Commonwealth's evidence was competent, not inherently incredible, and sufficient to prove that the appellant acted maliciously and with intent to personally maim, disable, disfigure or kill Witcher and the other passengers in the car. The car was traveling at a sufficient rate of speed that the fact finder could conclude that the appellant intended to permanently disable or disfigure or to kill the occupants of the car. In fact, she specifically expressed her intent to kill her mother. The evidence is sufficient to prove the counts of malicious wounding.

## II. INTOXICATION DEFENSE – RULE 5A:18

The appellant next asserts that she was too intoxicated to form the requisite intent to commit malicious wounding. Our consideration of this claim is precluded by Rule 5A:18. Rule

5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or . . . to attain the ends of justice."  The appellant did not raise an intoxication defense before the trial court.  In fact, she testified that she was not intoxicated and she made no claim to the trial judge that she was too intoxicated to be able to form a specific intent.  Because the record demonstrates neither good cause nor a miscarriage of justice, we may not consider her intoxication defense.  Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

For these reasons, we affirm the convictions.

Affirmed.