COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


PATRICIA BRYANT GUTHRIE

MEMORANDUM OPINION[*] BY
v.    Record No. 0980-99-2          JUDGE NELSON T. OVERTON
MAY 16, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Thomas V. Warren, Judge

Edwin Gadberry, III (Saunders, Cary &
Patterson, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Patricia Bryant Guthrie, appellant, appeals her conviction

for perjury. She argues that the trial court erred in admitting

into evidence a certified copy of birth certificate information

because the document failed to comply with Code § 32.1-272. We

find the trial court did not err in admitting the document into

evidence, and we affirm the conviction.

FACTS

On September 6, 1998, Trooper Joan Beach worked a traffic

stop detail in Amelia County. Trooper Beach stopped a car driven

by appellant's husband. Appellant was a passenger in the car, and

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

a small child was in the rear seat.  Trooper Beach asked the age of the child because the child was not in a car seat.  Either appellant or her husband replied that the child was three and one-half years old.  Trooper Beach informed the couple that a child under the age of four was required by law to be seated in a car seat, and she issued a summons to appellant's husband.  See Code § 46.2-1095.

On October 21, 1998, the case was heard in general district court.  Appellant's husband did not appear in court, but appellant testified twice under oath that the child's birth date was August 23, 1994, making the child four years old at the time of the stop.

Trooper Beach went to the Division of Vital Statistics and obtained a certified copy of birth certificate information of the child.  This document indicated that the child's birth date was August 23, 1995, making the child three years old at the time of the traffic stop.  Appellant was subsequently charged with perjury.

At appellant's perjury trial, the Commonwealth offered into evidence the certified copy of the child's birth certificate information.  Appellant objected to the admission of the document, arguing that the document fails to comply with Code § 32.1-272 because it does not show a "date of registration" for the document.  The trial court admitted the document into evidence and found appellant guilty of perjury.

ANALYSIS

Code § 32.1-272(A) provides in pertinent part:

> In accordance with § 32.1-271 and the
> regulations adopted pursuant thereto, the
> State Registrar . . . shall, upon receipt of
> a written request, issue a certified copy of
> any vital record in the custody of the State
> Registrar or of a part thereof.  Such vital
> records in the State Registrar's custody may
> be in the form of originals, photoprocessed
> reproductions or data filed by electronic
> means.  Each copy issued shall show the date
> of registration.

Code § 32.1-272(B) provides that a certified copy of a vital record, when issued in accordance with subsection A, "shall be prima facie evidence of the facts therein stated."

The document in question is entitled "Certification of Vital Record."  The document is signed by the State Registrar and contains the following certification:  "This is to certify that this is a true and correct reproduction or abstract of the official record filed with the Virginia Department of Health, Richmond, Virginia."  The document also contains a state file number, the name of the registrant, the date of birth, the place of birth, the names and ages of the parents and their places of birth, the date the record was filed, and the date the document was issued.  The document is printed on security paper, and it contains an impressed seal of the Division of Vital Statistics.

Appellant argues that the document does not comply with the statutory requirement that the certified copy "shall show the date of registration."  The document states:  "DATE RECORD

-

FILED: SEPTEMBER, 1995."  Appellant contends that this is not a date because it consists of only a month and year and provides no day of the month.

"Evidence which tends to cast any light upon the subject of the inquiry is relevant."  Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988).  "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction."  Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). In addition, a statute should not "be construed so that it leads to absurd results."  Id.

Although the "DATE RECORD FILED" portion of the document contains only a month and a year, we find that this does not render the document inadmissible pursuant to Code § 32.1-272. Code § 32.1-272(A) does not specify that "the date of registration" shall include a day of the month.  It says only that a copy shall "show the date of registration."  In addition, the regulations governing the preparation of certified copies of vital records by the State Registrar do not define or even address the "date of registration" requirement.  See 12 VAC 5-550-510.  Therefore, nothing in the statute or regulations indicates that a month and year does not constitute a date of registration.

Black's Law Dictionary defines date as "(1)[t]he day when an event happened or will happen . . . (2) [a] period of time in

-

general . . . ."  Black's Law Dictionary 400 (7th ed. 1999).

Webster's dictionary defines date as "a statement or formula

affixed . . . that specifies the time (as day, month, and year)

and often the place of execution or making . . . ."  Webster's

Third New International Dictionary 576 (1981).  Although the

primary definitions of date indicate that the term includes a

specific day of a month, the secondary definition is more vague

and indicates a general period of time as opposed to a precise

day.  Limiting the definition of date to an exact day of the

month would be a "narrow or strained" construction of Code

§ 32.1-272(A) leading to a potentially absurd result.  See

Branch, 14 Va. App. at 839, 419 S.E.2d at 424.

Moreover, Code § 32.1-272 does not address the

admissibility of a certified copy of a vital record into

evidence.  Code § 32.1-272(B) merely provides that a certified

copy of a vital record "shall be prima facie evidence of the

facts therein stated" when it is issued in accordance with the

requirements of Code § 32.1-272(A).  Therefore, any failure to

comply with Code § 32.1-272(A) would address the weight to be

given the evidence, not its admissibility.  The test

establishing relevance is not whether the proposed evidence

conclusively proves a fact, but whether it has any tendency to

establish a fact at issue.  See Johnson v. Commonwealth, 2 Va.

App. 598, 601, 347 S.E.2d 163, 165 (1986).  The document in

-

question clearly had a tendency to prove the child's birth date, the issue in dispute.

Moreover, the document complies with the regulatory requirements for the preparation of a certified copy of a vital record.  See 12 VAC 5-550-510.  It is printed on security paper, and it contains the impressed seal of the Division of Vital Statistics.  See 12 VAC 5-550-510(3).  In addition, the State Registrar certified by her signature that the document was a "true and correct reproduction or abstract of the official record filed with the Virginia Department of Health."  See 12 VAC 5-550-510(2).  Furthermore, Code § 32.1-270 provides that the State Registrar is authorized to prepare reproductions of original vital records, and "[s]uch reproductions when certified by him shall be accepted as the original records."

Therefore, we find the document complies with the statutory requirements for a certified copy of a vital record. Accordingly, the trial court did not err in admitting the document into evidence.

Affirmed.

-