COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Haley and Powell
Argued at Richmond, Virginia


RODERICK WILLIAMS, JR.

MEMORANDUM OPINION* BY
JUDGE CLEO E. POWELL

v.      Record No. 1018-10-2

MAY 3, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Samuel P. Simpson, V (Montgomery & Simpson, LLLP, on brief),
for appellant.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Roderick Williams, Jr. ("Williams") was convicted of malicious wounding, in violation

of Code § 18.2-51. On appeal, Williams argues that the evidence is insufficient to prove

malicious wounding where the trial court found that the defendant "unluckily" caused felonious

injury to the defendant and that the defendant's actions were "malicious with no intent."[1] For

the reasons that follow, we agree and reverse Williams's conviction.

## I.  BACKGROUND

Larry William Vaughan has three children in common with Latisha Roy. Their

relationship ended in early 2009. On the morning of October 13, 2009, Vaughan went to Roy's

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Williams literally argues that the trial court erred in its application of Code § 18.2-51 by declining to reduce the charge to unlawful wounding after ruling that the defendant "unluckily" caused felonious injury to the defendant, and further stating that the defendant's actions were "malicious with no intent." This is essentially an argument that the evidence is insufficient to sustain the conviction under Code § 18.2-51.

house to pick up his youngest son to take him to get his hair cut. As he knelt down to zip his

son's jacket, Roy's new boyfriend, Roderick Williams, struck Vaughan in his left eye. Vaughan

was initially unconscious but as soon as he revived, he ran from the house. Because of the blood

coming from his eye, his girlfriend, who had been waiting in his truck, drove him to the hospital.

As a result of the attack, Vaughan lost his left eye and it will eventually be replaced with a

prosthetic eye.

At trial, defense counsel argued that there was sufficient evidence to prove "a felonious

wounding" but not aggravated, malicious wounding. He also argued that one punch is not

enough to prove the intent to main, disfigure, disable or kill.

In ruling on Williams's motion to strike the evidence at the end of the presentation of

evidence, the trial court stated that

> I think [defense counsel] has got a point, that I have a feeling what
> happened is the man walked out, saw the, from what I've heard,
> which is a little skimpy, but I understand you've got to put your
> case on what you want me to hear and don't want me to hear, I
> don't think that it was intentionally aggravated, malicious, if the
> words in there right, I suspect he came out and he hit him across
> the face and unluckily it hit him in the eye. He thought he would
> have hit him somewhere else.
>
> And so I don't think it was an intent to permanently, to put
> out all that language here, but so I'm going to sustain your Motion
> to Strike on the, on that and then leave you all to argue on what's
> left, which is the [Code § 18].2-51.

The court also stated "I don't think he intended to do it, but I think he probably hit him in the

side of the face." Finally, the court stated that

> The Court further considers whether or not he think it's
> malicious or unlawful. The Court notes the case handed to him by
> the Commonwealth[2] in which, in that case, a single blow to the ear

---

[2] The case to which the court was referring was Johnson v. Commonwealth, 53 Va. App. 79, 669 S.E.2d 368 (2008), a case in which the appellant was found guilty of malicious wounding.

ended up being the how offense of intentionally malicious wounding. The facts are pretty close to this. But I've already ruled, and I'm not going to compare to that extent. But I do believe that it is malicious with no intent. So, I'll so find.

(Footnote added). This appeal follows.

## II. ANALYSIS

### A. Standard of Review

Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" James v. Commonwealth, 53 Va. App. 671, 675, 674 S.E.2d 571, 579 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted)).

### B. Sufficiency of the Evidence to Prove Malicious Wounding

Code § 18.2-51 states that "[i]f any person maliciously shoot, stab, cut or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony."

To support a conviction for malicious wounding under Code § 18.2-51, the Commonwealth must prove that the defendant inflicted the victim's injuries "maliciously and with the intent to maim, disfigure, disable or kill." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc). "'Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury.'" Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993) (citations omitted).

- 3 -

> "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed a purposeful and cruel act without any or without great provocation." Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992). Whether malice existed is a question for the fact finder. See id.

Robertson v. Commonwealth, 31 Va. App. 814, 823, 525 S.E.2d 640, 645 (2000).

While malice may be proven, Code § 18.2-51 cannot be satisfied unless malice is coupled with the requisite intent. "To be guilty under Code § 18.2-51, a person must intend to permanently, not merely temporarily, harm another person." Johnson v. Commonwealth, 53 Va. App. 79, 101, 669 S.E.2d 368, 378 (2008) (citing Campbell, 12 Va. App. at 484, 405 S.E.2d at 4); see also Lee v. Commonwealth, 135 Va. 572, 578, 115 S.E. 671, 673 (1923).

Here, Williams argues that the trial court found no evidence of the intent to maim, disable, disfigure or kill based on the trial court's statements. Specifically, the trial court found

> The Court further considers whether or not he think it's malicious or unlawful. The Court notes the case handed to him by the Commonwealth in which, in that case, a single blow to the ear ended up being the how offense of intentionally malicious wounding. The facts are pretty close to this. But I've already ruled, and I'm not going to compare to that extent. But I do believe that it is malicious with no intent. So, I'll so find.

Williams was originally charged with aggravated malicious wounding in violation of Code § 18.2-51.2, which requires that one commit the acts proscribed by Code § 18.2-51 and in so doing causes the victim "to suffer permanent and significant physical impairments." The trial court reduced the charge from aggravated malicious wounding to malicious wounding and convicted Williams of that offense. That conviction is without evidence to support it. It is clear that the victim suffered "permanent and significant physical impairments." Code § 18.2-51.2. What is relevant, however, is that the trial court found "I don't think he intended to do it, but I think he probably hit him in the side of the face."

- 4 -

At least four times, the trial court stated that he did not find intent. Specifically, the trial court stated:

> 1) "I don't think it was *intentionally* aggravated, malicious . . . [;]"
>
> 2) "I suspect he came out and he hit him across the face and *unluckily* hit him in the eye . . . [;]"
>
> 3) "And so I don't think it was an *intent* to permanently . . . [;]"
>
> 4) "But I do believe that it is malicious with no intent."

(Emphasis added).

While some of the trial court's comments made after the motion to strike indicate an intent to differentiate between aggravated malicious wounding and malicious wounding, the basis for the distinction was that Williams's acts were not *intentionally* aggravated. The court further stated that the blow was "unluckily" delivered, again indicating a failure to find that the blow was delivered with an intent to permanently disfigure.

The court reiterated its factual findings when it made its final ruling. The court specifically distinguished <u>Johnson</u>[3] stating that while "[t]he facts are *pretty close* to this[,]" it was "not going to compare to that extent." <u>Johnson</u> was a malicious wounding case, where the sole issue was whether a single blow could satisfy the element of intent to maim, disfigure, disable or kill. It appears that the trial court was saying that the facts here did not rise to the level of those in <u>Johnson</u>. Referring to <u>Johnson</u>, the court finally said "[b]ut I do believe that it is malicious with no intent."

---

[3] In <u>Johnson</u>, 53 Va. App. at 99-105, 669 S.E.2d at 378-80, this Court considered whether the evidence could be sufficient to prove appellant's intent to maim, disable, disfigure, or kill where the appellant punched the victim once. In that case, the jury found sufficient evidence and in giving the proper level of deference to inferences drawn by the fact finder, this Court concluded that, while one punch may not always give rise to such an inference, under the facts of that case, there was sufficient evidence for the jury to infer appellant's intent. <u>Id.</u>

Intent to permanently maim, disfigure, disable or kill must be present in order to prove a crime of either malicious or unlawful wounding. Because the trial court specifically made the factual findings that 1) "I don't think it was an intent to permanently . . ." and 2) "[b]ut I do believe that it is malicious with no intent," the ruling of the trial court is inconsistent with its factual findings and, is therefore, plainly wrong or without evidence to support it.

The Attorney General argues that Williams is fixating on isolated statements of the trial court. It is well settled that

> "[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977); Craddock v. Commonwealth, 40 Va. App. 539, 547, 580 S.E.2d 454, 458 (2003). This means the "judge is presumed to know the law and to apply it correctly in each case." Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003).
>
> Only "clear evidence to the contrary in the record," Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002) (citation omitted), suffices to rebut the presumption. In reviewing the record, therefore, we will not "fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied." Bullock v. Commonwealth, 48 Va. App. 359, 368, 631 S.E.2d 334, 339-40 (2006) (citation omitted). And a "trial court's remark is not, in and of itself, the full context simply because it represents the only point at which the court expressly addressed the issue in dispute." Parker v. Commonwealth, 41 Va. App. 643, 656-57, 587 S.E.2d 749, 755 (2003) (citations, internal brackets, and quotation marks omitted).

Groves v. Commonwealth, 50 Va. App. 57, 61-62, 646 S.E.2d 28, 30-31 (2007). The statements made here are more than merely isolated statements in the record. Because the question of intent is one for the fact finder and it does not appear that the trial court found the specific intent to "maim, disfigure, disable or kill," the evidence is insufficient to prove intent.

### III.  CONCLUSION

For the foregoing reasons, we reverse Williams's conviction and remand the matter to the circuit court for a new trial on a charge of assault and battery if the Commonwealth be so advised.  See Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766 (2008) (remanding for a new trial rather than the imposition of a new sentence on the lesser offense because both parties have not consented to that relief).

Reversed and remanded.