COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


MICHAEL DAVID BAILEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0370-16-1                      JUDGE MARY GRACE O'BRIEN
                                                    JANUARY 17, 2017

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            Bryant L. Sugg, Judge

            Joshua Ashworth Goff (Goff Voltin, PLLC, on brief), for appellant.

            Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
            Attorney General; Christopher P. Schandevel, Assistant Attorney
            General, on brief), for appellee.


        Michael David Bailey ("appellant") appeals his conviction for indecent liberties with a

child, in violation of Code § 18.2-370. He asserts the following assignment of error:

            [t]he trial court erred in concluding Bailey "felt or fondled" the
            complaining witness with lascivious intent as required by Va. Code
            Sec. 18.2-370, where the proposition Bailey made to "smack" the
            complaining witness on his buttocks did not fulfill the legal
            definition of "feel or fondle."

Finding no error, we affirm.

                                        BACKGROUND

        Initially, appellant was indicted for two counts of aggravated sexual battery in violation of

Code § 18.2-67.3, two counts of abduction in violation of Code § 18.2-47, and one count of

indecent liberties. With the exception of the indecent liberties charge, the other felony charges were

reduced to four counts of assault and battery in violation of Code § 18.2-57, and appellant pled

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

guilty to the misdemeanors. Appellant pled not guilty to the charge of indecent liberties, and the parties agreed to a bench trial with stipulated facts.

Appellant, who was nineteen at the time of the offense, had been diagnosed with Asperger's syndrome, a form of autism. On May 26, 2014, appellant was visiting S.B., a seventeen-year-old friend who also has Asperger's syndrome. Appellant and S.B. encountered four boys between the ages of eight and ten, who were playing on a nearby playground. The children asked appellant and S.B. to play with them, and appellant gave the boys piggy-back rides. At one point, appellant told one of the children, A.V., that he "would buy [A.V.] this expensive ice cream if he could smack [A.V.'s] bare bottom."

The parties also stipulated that a neighbor would testify that when she looked out of her window, she saw appellant place his hands on the clothing covering A.V.'s genitals. The neighbor came outside, took A.V. to his parents, and called the police. Appellant's counsel proffered that S.B. would testify that she did not see appellant touch A.V. as the witness described, but she did hear appellant make a comment "about ice cream." Appellant also admitted to the investigating officer that he offered to buy A.V. ice cream if appellant "could smack A.V. on his bare bottom."

At the conclusion of the case, the court held that the evidence was sufficient to find appellant guilty of violating Code § 18.2-370, but withheld making a finding until it considered a pre-sentence report. After a hearing, the court entered a finding of guilt.

ANALYSIS

"When considering . . . the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570

S.E.2d 875, 876-77 (2002)).  However, we review questions of law, such as statutory interpretation, *de novo*.  Grimes v. Commonwealth, 288 Va. 314, 318, 764 S.E.2d 262, 264 (2014).

In his sole assignment of error, appellant asserts that his proposition to "smack" the victim did not fulfill the legal requirement that he propose to "feel or fondle" the complaining witness, as required by Code § 18.2-370, the indecent liberties statute.  Code § 18.2-370(A)(3) provides:

> Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony:
>
>     . . . .
>
> Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child.

"A primary rule of statutory construction is that courts must look first to the language of the statute.  If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun Cty. Dep't of Soc. Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993).  "When bound by the plain meaning of the language used, appellate courts are not permitted 'to add or subtract from the words used in the statute.'"  Nicholson v. Commonwealth, 56 Va. App. 491, 503, 694 S.E.2d 788, 794 (2010) (quoting Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918)).  Although penal statutes are strictly construed against the Commonwealth, "[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results."  Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).

Here, the words "feel or fondle" are at issue.  Appellant asserts that because a "smack" is defined as a "sharp slap or blow," it is the antithesis of "fondle," a word that suggests a loving caress.  He contends that because the General Assembly connected the words "feel" and "fondle" by

the word "or," the legislature's intention was that the words were equivalent, or able to be substituted for each other.

We disagree. "Feel" and "fondle" have two discrete, different definitions. The word "feel" has been defined as "to perceive . . . [or] to examine . . . by touching." Webster's Third New International Dictionary 834 (Philip Babcock Gove, 2002). "Touch," therefore, is a word that could be used as a synonym for "feel." The word "fondle," on the other hand, is defined as either "to handle tenderly, lovingly, or lingeringly" or "to show affection or desire by caressing." Id. at 883. The two words have distinct meanings; "fondling" is a specific type of "feeling."

Additionally, the word "or" between the words "feel" and "fondle" indicates that the General Assembly intended to make either of the two separate actions an element of the crime. The word "or" is a disjunctive that provides an alternative. In Bunch v. Commonwealth, 225 Va. 423, 441, 304 S.E.2d 271, 281 (1983), a capital murder case, the defendant addressed the provision of the vileness predicate requiring that his actions "involved torture, depravity of mind, or an aggravated battery to the victim." The defendant contended that the Commonwealth was required to prove "torture, depravity of mind, *and* aggravated battery" to establish the predicate element of vileness, because the words "must be considered together." Id. at 442, 304 S.E.2d at 281-82. The Supreme Court disagreed, and held that "the term 'vileness' includes three separate and distinct factors, with the proof of any one factor being sufficient to support a finding of vileness . . . the use of the disjunctive word 'or,' rather than the conjunctive 'and,' signifies the availability of alternative choices." Id. at 442, 304 S.E.2d at 282.

Likewise, in the present case, the Commonwealth was required to prove that appellant proposed that he *either* "feel" *or* "fondle" the sexual or genital parts of the victim. The "plain, obvious, and rational meaning" of Code § 18.2-370(A)(3) prohibits an adult from proposing that he "feel" the sexual parts of a minor, regardless of the degree of force applied or the duration of the

contact.  <u>See</u> <u>Branch</u>, 14 Va. App. at 839, 419 S.E.2d at 424.  Appellant's proposal to "smack" A.V. was a proposal to "feel or fondle the sexual or genital parts" of the minor, in violation of Code § 18.2-370.  Therefore, we find that the court did not err in finding the evidence sufficient to support a conviction under this statute.

<u>Affirmed.</u>