UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Chaney, Raphael and Callins
Argued by videoconference

DESHON SCOTT

MEMORANDUM OPINION* BY
v.      Record No. 0183-22-2      JUDGE VERNIDA R. CHANEY
MARCH 7, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

Jacquelyn F. Gerlach (Friedman Law Firm, P.C., on brief), for
appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Deshon Scott (Scott) appeals his conviction for aggravated malicious wounding in violation

of Code § 18.2-51.2.  Following a bench trial in the Circuit Court of the City of Petersburg (trial

court) Scott was convicted and sentenced to incarceration for twenty years, with four years and four

months suspended.  Scott contends on appeal that the trial court erred in convicting him because the

evidence was insufficient to establish that he acted maliciously with the specific intent to maim,

disfigure, disable or kill.  This Court holds that the evidence is sufficient to sustain Scott's

conviction.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party" in the trial court.  *McGowan v.*

*Commonwealth*, 72 Va. App. 513, 516 (2020) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2018)).  We "regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence."  *Id.* (citing *Gerald*, 295 Va. at 473).

In November 2019, Scott was the tenant of 71-year-old O.H.,[1] with whom Scott shared an apartment in Petersburg.  On November 22, Scott assaulted O.H. while O.H. was in the kitchen preparing to make breakfast.  After O.H. asked Scott if he had seen the oatmeal, Scott suddenly attacked him.  Scott struck O.H. in the head several times with an unidentified object, knocked him down, and forcefully kicked him in the back.  Subsequently, O.H. was transported to the hospital in an ambulance.  Later that day, Scott turned himself in to the police.

O.H. suffered a rapid deterioration in mental status and lost consciousness.  O.H. was admitted to the hospital's intensive care unit with multiple injuries, including severe brain hemorrhaging, brain contusion, and multiple skull and facial fractures.[2]  O.H.'s doctor reported that his traumatic brain injury was "a devastating injury with [a] high chance of mortality." Neurosurgery saved O.H.'s life.  Trauma surgery was performed to repair O.H.'s scalp laceration, but his doctors deemed O.H.'s facial fractures to be non-operable.

As a result of Scott's attack on O.H., O.H. has multiple scars on his head.  Ever since the attack, O.H. has also suffered memory problems, impaired balance, and impaired mobility that he didn't experience before.

Scott testified that on November 22, he informed O.H. that he was moving out and O.H. responded by "cussing [him] out" and calling him names.  Scott testified that O.H. was drunk and

---

[1] For the sake of the victim's privacy, he is identified by his initials throughout this opinion.

[2] Contrary to the Commonwealth's assertions in the trial court and on appeal, there is no evidence that O.H.'s ribs were fractured in the assault.  According to O.H.'s medical records, he had a "mildly displaced fracture" to one of his ribs in November 2020, nearly a year after the assault.  O.H.'s medical records contain no reference to any rib fracture before November 2020, and there is no testimony or other evidence regarding rib fractures.  Thus, the trial court's finding that O.H. suffered "multiple rib fractures" is not supported by the evidence.  Notwithstanding this error, this Court finds the evidence sufficient to support the trial court's verdict.

exposing his genitals. Scott further testified that O.H. came toward him holding a wine bottle, so he elbowed O.H. once in the head. Then O.H. fell and collapsed on the ground and, according to Scott, he helped O.H. back up. Scott denied kicking O.H. and denied hitting him with any weapon. On cross-examination, Scott testified that O.H. hit his head on the door when he fell to the ground and that he fell a second time after Scott helped him up. Scott also testified on cross-examination that O.H. was holding both a wine bottle and a golf club and that O.H. hit him in the head with the golf club. On re-direct examination, Scott testified that the one time he hit O.H. was after O.H. asked "to see [his] private part."

The trial court found the evidence insufficient to support a claim of self-defense because there is no evidence that Scott was placed in any reasonable apprehension of harm or danger. The trial court found that Scott's testimony was "just everywhere," noting that "[t]he court is concerned that he's got mental health issues that may be affecting his ability to tell his story."[3] The trial court found that Scott's "story doesn't add up" and expressly found O.H.'s version of events to be more credible than Scott's version. Given this credibility determination and the trial court's consideration of O.H.'s medical records, the trial court found Scott guilty as charged of aggravated malicious wounding.

## ANALYSIS

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). The issue on appeal "is whether 'any rational trier of

---

[3] Under Code § 19.2-271.6, which became effective July 1, 2021, a defendant may present evidence regarding a mental condition that existed at the time of the alleged offense—including expert testimony—that "tends to show the defendant did not have the intent required for the offense charged." Code § 19.2-271.6(B).

fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). This Court also defers to the trial court's credibility determinations unless the witness's testimony is "inherently incredible, or so contrary to human experience as to render it unworthy of belief." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)). "Determining the credibility of witnesses . . . is within the exclusive province of the [fact-finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993).

Scott contends on appeal that the evidence is insufficient to prove that he acted with the requisite intent to commit aggravated malicious wounding. Code § 18.2-51.2 provides:

> If any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment.

Code § 18.2-51.2(A). Scott argues that the evidence is insufficient to prove that he acted maliciously and had the specific intent to maim, disfigure, disable or kill O.H. We disagree.

"Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury." *Robertson v. Commonwealth*, 31 Va. App. 814, 823 (2000) (quoting *Hernandez v. Commonwealth*, 15 Va. App. 626, 631 (1993)). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or

- 4 -

committed a purposeful and cruel act without any or without great provocation." *Id.* (quoting *Branch v. Commonwealth*, 14 Va. App. 836, 841 (1992)). "Whether malice existed is a question for the fact finder." *Id.*

The evidence supports the trial court's finding that Scott acted maliciously in assaulting O.H. The trial court credited O.H.'s version of events and rejected Scott's version. Because O.H.'s testimony was not inherently incredible, this Court defers to the trial court's credibility determination. O.H.'s testimony established that without provocation, Scott hit him in the head several times, knocked him down, and forcefully kicked him in the back after he collapsed on the ground. As the trial court found, Scott did not act in self-defense. Thus, a rational fact-finder could find that malice was evidenced by Scott's commission of a wrongful, purposeful, and cruel attack on O.H. without provocation, justification, or excuse. *See id.* A rational fact-finder could also find that Scott's forceful blows to O.H.'s head would necessarily result in injury, and could infer therefrom that Scott assaulted O.H. with malice. *See id.*

The evidence also supports the trial court's finding that Scott assaulted O.H. with the specific intent to maim, disfigure, disable or kill. According to O.H.'s medical records, O.H. "was struck multiple times in the head with an unknown object." The medical records also show that these blows to the head were so forceful that they caused O.H. to suffer near-fatal traumatic brain injury, multiple skull fractures, and inoperable facial fractures. From the evidence that Scott's blows were "applied to vital and delicate parts of the body of a defenseless, unresisting man," a rational fact-finder could infer that Scott intended to permanently injure or kill O.H. *See Roark v. Commonwealth*, 182 Va. 244, 250 (1944) (recognizing that the intent to kill may be inferred from a defendant's use of his fists to strike a victim's delicate, vital body part); *see also Burkeen v. Commonwealth*, 286 Va. 257, 261 (2013) (holding that the trial court could infer the intent to maim from evidence showing that the defendant hit the victim once in the face with his

bare fist, causing serious and disfiguring injury); *Johnson v. Commonwealth*, 53 Va. App. 79, 105 (2008) (holding that a rational fact-finder could "discern an intent to permanently injure" where defendant punched the victim in the head without provocation, resulting in a concussion and cuts requiring stitches).

CONCLUSION

The evidence is sufficient to support the trial court's finding that Scott acted with the requisite intent for aggravated malicious wounding. Therefore, this Court affirms Scott's conviction.

*Affirmed.*